JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT, WESTERN DIVISION

| | |
|---|---|
| NEUTROGENA CORPORATION, a Delaware corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>STEPHEN C. MATT, an individual, and DOES 1-10, inclusive,<br><br>       Defendants. | Case No.: CV08-05552 AHM (CWx)<br><br>Assigned to the Hon. A. Howard Matz<br><br>JUDGMENT PURSUANT TO STIPULATION |

Doc. # CC-199711 v.1

1    Neutrogena Corporation ("Neutrogena") having filed a Complaint against

2  Stephen C. Matt ("Matt"), the parties having stipulated to entry of judgment

3  pursuant to their settlement of the dispute raised by this lawsuit, and the Court

4  having adopted the terms of the Stipulation as its findings of fact and conclusions

5  of law, in conformity with such findings of fact and conclusions of law, and good

6  cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND

7  DECREED that:

8    1.    Matt is permanently enjoined until September 29, 2009 from:

9        (1)    retaining or refusing to return to Neutrogena

10       any of its property, including but not limited to electronic

11       documents, storage devices, and other things in his

12       possession, custody, or control, including those that

13       reflect, refer or relate to Neutrogena's Confidential

14       Information derived by or provided to Matt in connection

15       with his former relationship with Neutrogena where

16       "Confidential Information" is defined as:

17       (a) **New Product Pipeline**:  New product

18       information, including market share projections and

19       marketing and sales strategies for products Neutrogena

20       had not yet released or announced in the marketplace;

21       research and development ("R&D") information

22       concerning products that Neutrogena was or is in the

23       process of developing; how much money Neutrogena

24       should spend on continuing to develop products under

25       development; any strengths, advantages or weaknesses

26       posed by products either scheduled for release or in the

27       research and development stage; the proposed date when

28       a new product will be ready for launch into the

1

marketplace; market research results for a new product; the effect such new products will have on Neutrogena and competitor market share; and how the new product should be best positioned in the marketplace to respond to or anticipate competing products by competitors.

(b) **Financial Information**:  Non-public Financial Information including costs of goods projections, average selling price for Neutrogena's products, average spending on marketing programs, and amount of money in the budget devoted to development and marketing of a new product.

(c) **Strategic Planning:**  Non-public information from Neutrogena's yearly strategic planning process, which maps out Neutrogena's competitive strategies for a period of years.  Such information includes Neutrogena's marketing strategies, new products in development, how those products fit within the competitive strategy and the timeline for launching new products; the amounts of money Neutrogena has devoted to and intends to devote to different portions of Neutrogena's budget, including specific R&D projects and marketing efforts for different projects; the customer base Neutrogena intends to target in the coming years; and the competitive landscape, including market share of Neutrogena and its competitors, and how Neutrogena will respond in the coming years.

(d) **Third-Party Partnership or Licensing Arrangements or Negotiations**:  Prospective and

2

1    completed strategic partnerships and licensing agreement

2    information, including the terms offered in order to

3    negotiate and finalize deals with third parties for the

4    licensing or acquisition of intellectual property rights in

5    products or technologies intended to be used in

6    combination with existing or prospective Neutrogena

7    products; how such rights fit within Neutrogena's

8    strategic plan and its efforts to address the competitive

9    landscape; the level of importance for completing a

10   prospective partnership or licensing arrangement with

11   third parties; and how such rights will contribute to

12   Neutrogena's new product pipeline; and

13        (2)    directly or indirectly using, disclosing or

14   transmitting any Confidential Information of Neutrogena

15   or of its subsidiaries that Matt derived or acquired as a

16   result of his former employment with Neutrogena

17   ("Permanent Injunction").

18        2.    No undertaking shall be required to be posted as security for the

19   Permanent Injunction and is specifically waived by defendant Matt.

20        3.    The $5,000 Surety (i.e., Bond No. 82141163) posted by Neutrogena

21   as security for the Temporary Restraining Order and the Preliminary Injunction

22   entered in this action is released, exonerated and discharged.  It shall be released to

23   Neutrogena.

24        4.    Plaintiff Neutrogena shall take nothing else by way of its Complaint

25   against Defendant Matt other than the Permanent Injunction described in

26   Paragraph 1 above and the Complaint's other claims are dismissed with prejudice.

27

28

3

Doc. # CC-199711 v.1

1    5.    The Court shall retain jurisdiction even after September 29, 2009 to

2  enforce the parties' Settlement Agreement and the Permanent Injunction and to

3  adjudicate claims relating to their violation.

4    6.    Each Party shall bear its or his own respective attorneys' fees and

5  costs (including, but not limited to, expert witness fees and costs) incurred as a

6  result of this lawsuit.  However, if any legal action or other proceeding is brought

7  for the enforcement of this Settlement Agreement or the Permanent Injunction or

8  because of an alleged dispute, breach, default or misrepresentation in connection

9  with any of their provisions, the prevailing party shall be entitled to recover, in

10  addition to any other relief to which it may be entitled, reasonable attorneys' fees,

11  fees and other costs incurred in that action or proceeding.

12    7.    The parties waive any rights to appeal this stipulated judgment,

13  including but not limited to the Permanent Injunction.

14

15  DATE:   March 3, 2009

16

17                                      _____
                                        A. Howard Matz
18                                      United States District Judge

    **Make JS-6**
19

20

21

22

23

24

25

26

27

28

4